IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVERNE VANN,<br>            Plaintiff,<br><br>         v.<br><br>CITY OF PHILADELPHIA d/b/a THE PHILADELPHIA POLICE DEPARTMENT; and ANTHONY BOYLE,<br>            Defendants. | CIVIL ACTION<br><br><br><br>NO.  20-1433 |

### MEMORANDUM OPINION

Plaintiff Laverne Vann alleges that Defendant Anthony Boyle, Chief Inspector of the Philadelphia Police Department's Narcotics Bureau, physically assaulted her while she was at work.  Defendant Boyle filed a partial Motion to Dismiss the claims against him for common law assault and battery, and for violations of the Pennsylvania Whistleblower Law, 43 Pa. Cons. Stat. § 1421 *et seq.*.  Defendant City of Philadelphia ("the City") moves to dismiss the only claim remaining against it, the alleged Pennsylvania Whistleblower Law violation.[1]

**I.      BACKGROUND**

Plaintiff is a Captain in the Narcotics Unit of the Philadelphia Police Department.  On December 1, 2017, she and two other Police Department employees sued Boyle, Inspector Raymond Evers of the Narcotics Unit, and the City of Philadelphia alleging that, as relevant to the current proceedings, in response to her decision to report concerns about police tactics she believed were aggressive and illegal, she was retaliated against.  Specifically, she alleged that

---

[1] In responding to the motions to dismiss, Plaintiff voluntarily withdrew her Fourth Amendment excessive force and her First Amendment retaliation claims against the City and against Boyle in his official capacity.  These claims shall, accordingly, be dismissed without prejudice.  She also purports to withdraw her common law assault and battery claims against Boyle in his "official capacity" and against the City, but neither claim was plead in her Amended Complaint, so there are no claims to withdraw.

1

she was excluded from meetings, her reports were improperly marked late due to Boyle's failure to promptly forward them, her police car was reassigned to another officer, she faced harassment, she was forced to attend bike training she could not safely complete, and she was physically assaulted by Boyle (for which she filed a criminal complaint).[2]  On February 26, 2020, this Court denied Boyle's motion for summary judgment, and partially denied summary judgment to the other two defendants.  On October 22, 2019, while the initial suit was proceeding, Plaintiff filed the current action in the Philadelphia Court of Common Pleas.  Defendants removed the action to this Court.[3]

Here Plaintiff alleges that, on October 3, 2018, while she was handcuffing a suspect, Defendant Boyle, in front of other officers and bystanders, "grabb[ed] and twist[ed] her arms and wrists in a painful manner, twist[ed] them behind her back and attempt[ed] to push her to the ground."  As a result, she suffered serious neck, back, and shoulder issues.  She also has experienced neurological problems, including nerve spasms, and has been treated for numbness and chest pain.  Plaintiff further alleges she has suffered panic attacks, and her continuing symptoms have required her to go on medical leave.

## II.     DISCUSSION

### A. Boyle's Motion to Dismiss Official Capacity Assault and Battery[4]

Defendant Boyle moves to dismiss the assault and battery claim on the theory that "because the Tort Claims Act provides Chief Inspector Anthony Boyle, *in his official capacity*,

---

[2] This is the same incident underlying the present lawsuit.

[3] On May 22, 2020, this case was consolidated with the initial suit.

[4] To survive a motion to dismiss for failure to state a claim, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  The Complaint is construed in the light most favorable to the non-moving party.  *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

with immunity from all intentional torts, including assault and battery" (emphasis added). However, Plaintiff did not plead an assault and battery claim against him in his official capacity; she brings only an individual capacity claim. Boyle makes no arguments related to the individual capacity claim.[5] Therefore, his motion shall be denied.

### B. Timeliness of the Pennsylvania Whistleblower Law Claim

To allege a claim under the Pennsylvania Whistleblower Law, a plaintiff must, without exception, file a complaint within 180 days after the alleged violation occurred. 43 Pa. Stat. Ann. § 1424 (1986); *O'Rourke v. Dep't of Corr.*, 778 A.2d 1194, 1197 (Pa. 2001). The alleged retaliatory action in this case occurred on October 3, 2018, and Plaintiff filed her complaint on October 22, 2019, well after the 180-day window passed.

Plaintiff argues that her Complaint relates back to the pattern of retaliation alleged in her initial suit, consolidated with this one, filed on December 1, 2017, and thus is timely. Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to a pleading can relate back to the initial pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c) applies to state law claims brought in federal courts. *See, e.g.*, *Loudenslager v. Teeple*, 466 F.2d 249, 250 (3d Cir. 1972).

Consolidation of suits, however, does not merge separate suits together and "is only a matter of 'convenience and economy in administration.'" *In re TMI Litig.*, 193 F.3d 613, 724

---

[5] In the introduction to Boyle's Motion to Dismiss, he also states that he is moving to dismiss the "individual capacity" intentional tort claims against him. However, in his argument section, he discusses only the official capacity claim. Under Pennsylvania law, a state official can be held liable in his individual capacity only if certain prerequisites are met. *See* 42 Pa. Cons. Stat. § 8550 (1980); *see also Renk v. City of Pittsburgh*, 641 A.2d 289, 291-94 (Pa. 1994) (setting out standards for when an officer can be held liable for an intentional tort). Boyle's passing mention of the individual capacity claim in his introduction, with no discussion or citation to case law, is insufficient for raising the argument in his Motion to Dismiss. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . but not squarely argued, are considered waived.").

(3d Cir. 1999), *as amended*, 199 F.3d 158 (3d Cir. 2000) (quoting *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 497 (1933)).  Therefore, an amendment to a pleading can only relate back to the initial pleading in the individual suit rather than the initial pleading of another suit in the consolidated matter.  *U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003).

Here, because the present matter, for statute of limitations purposes, is separate from the suit filed in 2017, the First Amended Complaint can only relate back to the initial pleading on October 22, 2019 in this suit, which was outside of the 180-day statute of limitations period. Thus, Plaintiff's claim under the Pennsylvania Whistleblower Law shall be dismissed with prejudice.

An appropriate order follows.

**July 28, 2020**                                                **BY THE COURT:**

                                                              **/s/Wendy Beetlestone, J.**

                                                              **WENDY BEETLESTONE**